(8 Misc. Rep. 514.)

### RAWLINGS v. ALEXANDER.

(City Court of New York, General Term.   May 18, 1894.)

PLEADING—ANSWER—TRIABLE ISSUE.
      An answer in an action for goods sold which admits that defendant purchased the goods, but "denies each and every other allegation in said complaint contained, not hereinbefore specifically admitted, controverted or denied," creates a triable issue, and it is error to direct a verdict for plaintiff.

Appeal from trial term.

Action by Howard Rawlings against Sanfelici Alexander. A judgment was entered on a verdict directed in favor of plaintiff, and defendant appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

C. A. Watson, for appellant.

Hayes & Greenbaum, for respondent.

EHRLICH, C. J. The action is to recover for goods sold and delivered by the firm of James Saitta's Son & Co. to the defendant. The plaintiff claims under an assignment executed by that firm. The answer admits that the defendant purchased from said firm certain goods and merchandise, and, for further answer, "denies each and every other allegation in said complaint contained, not hereinbefore specifically admitted, controverted, or denied." Plaintiff's counsel moved for judgment on the pleadings, and the court granted the motion, and directed a verdict in favor of the plaintiff, which is now the subject of review.

The reason for granting plaintiff's motion was that the answer was not in the form authorized by the Code. But the court of appeals, in Griffin v. Railroad Co., 101 N. Y. 349, 4 N. E. 740, has held that such a denial is good, and creates a triable issue. Following this case, it is clear that the defendant, by his answer, put in issue the value or agreed price of the goods, together with the fact whether the assignment under which the plaintiff claims was ever executed as alleged. The direction to find for the plaintiff was clearly unauthorized, and the judgment entered on such direction must be reversed, and a new trial ordered, with costs to the appellant to abide the event.